Zou v. Whitaker

BIA
A073 570 562

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of January, two thousand nineteen.

PRESENT:
> JON O. NEWMAN,
> DENNIS JACOBS,
> PIERRE N. LEVAL,
> *Circuit Judges.*

_____

ZONG ZENG ZOU,
> *Petitioner,*

v.                                                        15-545
                                                         NAC

MATTHEW G. WHITAKER, ACTING
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Gang Zhou, New York, NY.

FOR RESPONDENT:          Benjamin C. Mizer, Principal
                         Deputy Assistant Attorney General;
                         Leslie McKay, Assistant Director;

1

Margot L. Carter, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zong Zeng Zou, a native and citizen of the People's Republic of China, seeks review of a January 30, 2015, decision of the BIA denying his motion to reopen as untimely and number barred. *In re Zong Zeng Zou,* No. A073 570 562 (B.I.A. Jan. 30, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case. The applicable standards of review are well established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008).

Zou moved to reopen his deportation proceedings, alleging a fear of persecution in China on account of the births of his U.S. citizen children in violation of China's population control program and his membership in the China Democracy Party ("CDP") in the United States. It is undisputed that

2

04122018-8

Zou's motion to reopen was untimely and number barred because it was his third motion to reopen filed more than 12 years after his deportation order became final. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). These time and numerical limitations do not apply, however, if the motion is to reopen proceedings in order to apply for asylum "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

For largely the same reasons set forth in *Jian Hui Shao*, we find no error in the agency's determination that Zou's new evidence of isolated incidents of persecution failed to demonstrate a material change in conditions related to the enforcement of China's population control program as needed to excuse the untimely and number barred filing of his motion, much less as to his unsworn, uncorroborated evidence of a single instance of threatened application of China's policies to children born in the United States. *See* 546 F.3d at 159-

3

04122018-8

66, 169-73 (noting that country conditions evidence from 1998 to 2007 indicated that enforcement of the family planning policy was generally lax in Fujian Province with isolated reports of force being used). Nor did the BIA err in finding no material change in conditions as to the Chinese government's treatment of CDP members since Zou's 1999 hearing. *See In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007) ("In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below."). The BIA was not compelled to credit an unsworn letter from Zou's brother stating that Chinese officials had discovered Zou's CDP activities in the United States. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (deferring to agency's decision regarding the weight to afford evidence that officials were aware of petitioner's pro-democracy activities in the United States).

4

For the foregoing reasons, the petition for review is DENIED.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe
                                        Clerk of Court

5